# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED
JAN 10 2005
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## I. (a) PLAINTIFFS
Securities and Exchange Commission

**DEFENDANTS**
Scott B. Gann and George B. Fasciano

3 05 cv 063 L

**(b)** County of Residence of First
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   Johnson
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

J. Kevin Edmundson
Securities and Exchange Commission, Fort Worth District Office, 801 Cherry
Street, 19th Floor, Fort Worth, Texas 76102, (817) 978-1411

Attorneys (If Known)

Cheryl Jerome Moore, Patton Boggs, LLP, 2001 Ross Avenue, Suite 3000,
Dallas, Texas 75201, 214.758.1500

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

X 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐22 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐23 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐840 Trademark | X 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting | ☐865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐870 Taxes (U.S. Plaintiff | Determination Under Equal |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

| | | | | | Appeal to District |
|---|---|---|---|---|---|
| | | | Transferred from | | Judge from |
| X 1 Original | ☐ 2 Removed from | ☐ 3 Remanded from | ☐ 4 Reinstated or ☐ 5 another district | ☐ 6 Multidistrict | ☐ 7 Magistrate |
| Proceeding | State Court | Appellate Court | Reopened | (specify) | Litigation | Judgment |

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 78u(d)(1), 78u(d)(3), 78u, 78aa, 78j(b) and § 78o(c)(1). Defendants violated the anti-fraud provisions of the federal securities laws.

## VII. REQUESTED IN   COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)   IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  1/10/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JAN 1 0 2005

CLERK. U.S. DISTRICT COURT
By _____
                              Deputy

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| SCOTT B. GANN and | ) | |
| GEORGE B. FASCIANO | ) | |
| | ) | **305 C V   063 L** |
| Defendants. | ) | |
| | ) | |

Plaintiff Securities and Exchange Commission alleges the following:

## SUMMARY

1.      From at least February 2003 until September 2003, Scott B. Gann and George B. Fasciano, former stockbrokers at Southwest Securities, Inc., participated in a scheme to defraud hundreds of mutual funds and their shareholders by engaging in deceptive market timing practices on behalf of a single client, a hedge fund adviser based in New York ("Hedge Fund").

2.      Knowing that mutual fund companies monitor activity in their family of mutual funds and restrict excessive trading, Defendants engaged in a fraudulent scheme to disguise their market timing trading, and thereby circumvented trading restrictions imposed by the fund companies.   Specifically, Defendants routinely and systematically (i) concealed their own identities and the identity of the Hedge Fund, (ii) created multiple accounts for the Hedge Fund and used several broker identification numbers to process market timing trades, (iii) divided trades into amounts designed to evade detection, and (iv) used different branch identification numbers to disguise their trading activity.   Using these fraudulent tactics, Defendants placed

thousands of market timing trades for Hedge Fund that would have otherwise been rejected by the fund companies.

3.      As a result, Defendants caused harm to mutual fund companies and their shareholders by diluting the value of the mutual fund shares and increasing the transaction costs associated with the management of the mutual funds.   Defendant received approximately $112,871 in ill-gotten gains deriving from the conduct alleged herein.

4.      Through the activities alleged in this Complaint, Defendants violated and aided and abetted violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder.   The Commission seeks: (i) entry of a permanent injunction prohibiting Defendants from further violations of the relevant provisions and rules of the Exchange Act; (ii) disgorgement of ill-gotten gains, plus prejudgment interest; and (iii) the imposition of third-tier civil penalties against each Defendant due to the recurrent and egregious nature of their violations.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to Sections 21 and 27 of the Exchange Act [15 U.S.C. §§ 78u and 78aa].   Venue is proper in this district because many of the acts and transactions alleged in this Complaint occurred in this district and Defendants reside in this district.

6.      The Commission seeks a permanent injunction and disgorgement of ill-gotten gains pursuant to Section 21(d)(1) of the Exchange Act [15 U.S.C. § 78u(d)(1)].   The Commission seeks the imposition of civil penalties pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

7.     In connection with the conduct described in this Complaint, Defendants directly or indirectly made use of the mails or the means or instruments of transportation or communication in interstate commerce.

## DEFENDANTS

8.     Scott B. Gann, age 39, was a Senior Vice President and registered representative in Southwest's Private Client Group from December 2001 to April 2004, when Southwest terminated his employment. Gann resides in Parker, Texas.

9.     George B. Fasciano, age 34, was a Vice President and registered representative in Southwest's Private Client Group from November 2000 to April 2004, when Southwest terminated his employment. Fasciano resides in Dallas, Texas.

## THE FRAUDULENT SCHEME

### *Background*

10.     Market timing refers to the practice of short-term buying and selling of mutual fund shares in order to exploit inefficiencies in mutual fund pricing. Market timing, while not illegal *per se*, can adversely affect mutual fund shareholders because profits that a market timer takes can dilute the value of shares held by long-term shareholders. In addition, the frequent in and out trading associated with market timing activity disrupts portfolio management, increases trading costs (which all shareholders bear), and may cause the fund to realize capital gains at inopportune times.

11.     Fund companies routinely monitor the trading activity within their family of funds. Fund companies send block notices to brokers whom the companies suspect to be engaged in market timing. Block notices refer to communications from mutual fund companies, complaining about market timing. Block notices typically include a statement of the mutual

funds' aversion to market timing and a notification of restrictions on market timing trading, including the prohibition of future trades in specific blocked accounts, the prohibition of trades by a particular broker, or the prohibition of future trades bearing a particular branch office identification number.

12.    During the relevant period, Southwest employed Defendants as brokers in its Dallas branch office. Among other things, Defendants assisted clients in brokerage transactions, including the purchase and sale of mutual funds.

13.    Southwest maintained dealer agreements with various fund companies, which, along with the fund prospectus and statement of additional information, set forth the terms and conditions regarding the purchase and sale of mutual funds. Fund companies typically prohibit market timing, or impose strict limitations on the frequency of trades in order to limit market timing.

14.    Defendants were aware that mutual fund companies deemed market timing to be improper and unacceptable.

15.    In or around November 2002, representatives of the Hedge Fund contacted Defendants and expressed an interest in opening accounts at Southwest for the express purpose of executing market timing trades. Hedge Fund told Defendants that it was interested in finding brokers that had market timing "capacity" (*i.e.*, the ability to place market timing trades).

16.    In November 2002, Hedge Fund responded to a written questionnaire from Defendants that asked: "What strategies have you enacted to avoid being shut down [by the mutual funds] in the future?" Hedge Fund responded: "Having more than one number with a [registered representative]. Rotating accounts and more than one [registered representative]

number with multiple accounts." Defendants received a copy of Hedge Fund's response to the questionnaire.

17. In January 2003, Defendants began opening trading accounts for Hedge Fund. On February 10, 2003, Hedge Fund placed its first trade through Defendants. Fifteen days later, Southwest received a block notice from SEI Funds relating to Hedge Fund's market timing trading. Defendants were aware of this block notice.

18. By September 2003, Defendants had executed approximately 2,000 market timing trades for Hedge Fund in at least 56 mutual fund families (165 total mutual funds) with an aggregate value of at least $650 million.

19. At least 34 mutual fund families, representing hundreds of mutual funds, detected Defendants' market timing activities and sent block notices to Southwest between February 2003 and September 2003, as reflected below:

| Date of Block Notice | Investment Company | Blocked Accounts |
|---|---|---|
| 4/9/2003 | AIM | 801015393 261422072 |
| 6/6/2003 | AIM | 277316943 |
| 7/28/2003 | AIM | 247181629 |
| 7/29/2003 | AIM | 339542560 |
| 8/6/2003 | AIM | 247175695 523967365 |
| 8/8/2003 | AIM | 523975234 801024335 |
| 8/28/2003 | AIM | 339543893 339548299 |
| 3/4/2003 | American Century | 339542560 |
| 9/11/2003 | Blackrock Funds | |
| 4/8/2003 | CDC Nvest Funds | |

*SEC v. Scott B. Gann and George B. Fasciano*
**Complaint**                                                                 5

| Date of Block Notice | Investment Company | Blocked Accounts |
|---|---|---|
| 6/23/2003 | CDC Nvest Funds | |
| 6/23/2003 | CDC Nvest Funds | |
| 6/27/2003 | CDC Nvest Funds | |
| 3/26/2003 | Columbia Funds | 801024335 |
| 3/17/2003 | Delaware Invest | |
| 6/23/2003 | Delaware Invest | |
| 3/4/2003 | Dodge & Cox | 277316943 |
| 7/2/2003 | Dodge & Cox | 339543893 |
| 7/28/2003 | Dodge & Cox | 339542560 339548299 |
| 7/11/2003 | Dreyfus | |
| 8/27/2003 | Eaton Vance | |
| 8/27/2003 | Evergreen | |
| 5/14/2003 | Federated | 277316943 |
| 6/5/2003 | Federated | 339542560 801024335 801015393 |
| 7/14/2003 | Federated | 339438481 277316891 |
| 10/10/2003 | Federated | 247175695 523975234 |
| 3/27/2003 | Fidelity | 277316943 339448238 |
| 7/21/2003 | Fifth Third Funds | 216422072 801015393 801024335 |
| 4/15/2003 | Franklin | 801024335 |
| 3/18/2003 | Gabelli Funds | 277316943 339448238 |
| 4/21/2003 | Goldman Sachs | |

| Date of Block Notice | Investment Company | Blocked Accounts |
|---|---|---|
| 6/20/2003 | Harbor Funds | 801024335 |
| 4/15/2003 | Hartford | |
| 4/16/2003 | ING | |
| 3/5/2003 | Janus | 277316943 216422072 |
| 5/21/2003 | Loomis Sayles | 277316943 |
| 2/27/2003 | Lord Abbett | |
| 4/3/2003 | Lord Abbett | 801024335 |
| 4/29/2003 | Lord Abbett | 339458187 339448238 277316943 |
| 5/23/2003 | Managers Funds | |
| 7/28/2003 | Managers Funds | 339438481 339448238 277316943 |
| 6/20/2003 | Navellier | |
| 6/3/2003 | PIMCO | 216422072 80105393 801024335 |
| 3/17/2003 | Prudential | 801024335 |
| 7/11/2003 | Scudder | 277316943 339542560 |
| 8/27/2003 | Scudder | 277316891 339458187 277316891 |
| 2/25/2003 | SEI | 524056473 |
| 4/8/2003 | SEI | 216422072 |
| 6/5/2003 | SEI | 339548299 339458187 |
| 6/25/2003 | SEI | 339548299 339458187 |
| 7/12/2003 | SEI | 277316891 |

| Date of Block Notice | Investment Company | Blocked Accounts |
|---|---|---|
| 9/11/2003 | SEI | 277316943 |
| 7/28/2003 | SIT Funds | 339438481<br>339448238 |
| 3/24/2003 | SunAmerica Funds | 216422072 |
| 8/27/2003 | SunAmerica Funds | |
| 3/11/2003 | T. Rowe Price | 339542560<br>277316943 |
| 3/24/2003 | T. Rowe Price | 216422072 |
| 3/26/2003 | T. Rowe Price | 801024335 |
| 4/9/2003 | T. Rowe Price | 801015393 |
| 5/6/2003 | T. Rowe Price | 339448238<br>339458187 |
| 6/3/2003 | T. Rowe Price | 339548299<br>339543893 |
| 7/11/2003 | T. Rowe Price | 524072473 |
| 9/9/2003 | TCW Galilleo | 339542560 |
| 3/5/2003 | UBS | 770125433 |
| 3/6/2003 | Wells Fargo | 339542560 |
| 6/27/2003 | Wells Fargo | 523975234<br>247175695 |
| 7/3/2003 | Wells Fargo | 339438481<br>339543893 |
| 8/8/2003 | Wells Fargo | 524072473<br>277316943 |

20.    Gann and Fasciano were aware of these block notices.   In fact, Defendants kept records tracking the mutual funds that restricted or prohibited Hedge Fund or Defendants from trading in those funds' shares.  Defendants routinely shared these records, or the actual block notices, with Hedge Fund in an effort to coordinate the fraudulent scheme.

21. Southwest received a "wrap fee" of 1.75% of the money it managed for Hedge Fund. Southwest earned $257,349 in fees from the Hedge Fund market timing accounts, of which Defendants received approximately $112,871.

### Defendants' Fraudulent Use of Multiple Accounts

22. On January 23, 2003, Defendants opened five accounts for five different Hedge Fund-affiliated entities. By May 6, 2003, Defendants had opened 21 Hedge Fund accounts for nine different Hedge Fund affiliates, as reflected below:

| Account No. | Hedge Fund Affiliate Name | Representative Name | Date Opened |
|---|---|---|---|
| 216437104 | Hedge Fund A | Fasciano | 1/23/2003 |
| 216420720 | Hedge Fund A | Gann/Fasciano | 3/24/2003 |
| 216422072 | Hedge Fund A | Gann | 3/24/2003 |
| 247181629 | Hedge Fund B | Gann | 4/30/2003 |
| 247175695 | Hedge Fund B | George Fasciano | 5/6/2003 |
| 277316943 | Hedge Fund C | Gann | 1/23/2003 |
| 277316891 | Hedge Fund C | Fasciano | 1/31/2003 |
| 339543893 | Hedge Fund D | Fasciano | 1/23/2003 |
| 339542560 | Hedge Fund D | Gann | 3/24/2003 |
| 339548299 | Hedge Fund D | Gann/Fasciano | 3/24/2003 |
| 339458187 | Hedge Fund E | Gann | 1/23/2003 |
| 339438481 | Hedge Fund E | Gann/Fasciano | 1/31/2003 |
| 339448238 | Hedge Fund E | George Fasciano | 1/31/2003 |
| 462453136 | Hedge Fund F | Gann | 4/30/2003 |
| 462457735 | Hedge Fund F | Fasciano | 5/6/2003 |
| 523967365 | Hedge Fund G | Gann | 4/30/2003 |
| 523975234 | Hedge Fund G | Fasciano | 5/6/2003 |
| 524072262 | Hedge Fund H | Gann | 4/30/2003 |
| 524072473 | Hedge Fund H | Fasciano | 5/6/2003 |
| 801024335 | Hedge Fund I | Gann | 1/23/2003 |
| 801015393 | Hedge Fund I | Fasciano | 2/2/2003 |

23. Defendants used these Hedge Fund accounts and affiliated entities for the sole purpose of enabling Hedge Fund to conceal its identity, and thereby avoid detection by the mutual funds or gain access to mutual funds that had previously restricted Hedge Fund's market timing trading.

24. For example, on April 21, 2003, Southwest received a block notice from Goldman Sachs Funds, barring trading in Hedge Fund Account No. 801015393. Defendants, however, placed numerous subsequent trades in Goldman Sachs Funds, using ten different Hedge Fund account numbers, as reflected below:

| Trade Date | Account | Representative Name | Transaction Type | Shares | Price |
|---|---|---|---|---|---|
| 4/28/2003 | 277316943 | Gann | Initial Purchase | 34439.83 | $12.05 |
| 5/19/2003 | 277316943 | Gann | Partial Liquidation | (34429.00) | $12.47 |
| 9/8/2003 | 277316943 | Gann | Full Liquidation | (10.83) | $14.22 |
| 7/1/2003 | 277316943 | Gann | Subsequent Purchase | 33538.94 | $12.97 |
| 7/10/2003 | 277316943 | Gann | Full Liquidation | (33549.74) | $13.18 |
| 6/4/2003 | 339448238 | Fasciano | Initial Purchase | 32071.10 | $12.94 |
| 6/19/2003 | 339448238 | Fasciano | Full Liquidation | (32071.10) | $13.43 |
| 5/22/2003 | 339458187 | Gann | Initial Purchase | 21929.83 | $12.54 |
| 6/2/2003 | 339458187 | Gann | Partial Liquidation | (21919.00) | $13.10 |
| 6/4/2003 | 339458187 | Gann | Subsequent Purchase | 21742.42 | $13.20 |
| 6/19/2003 | 339458187 | Gann | Partial Liquidation | (21743.00) | $13.70 |
| 6/26/2003 | 339458187 | Gann | Subsequent Purchase | 22183.99 | $13.37 |
| 7/10/2003 | 339458187 | Gann | Partial Liquidation | (22184.00) | $13.46 |
| 9/8/2003 | 339458187 | Gann | Full Liquidation | (10.24) | $14.22 |
| 5/22/2003 | 339542560 | Gann | Subsequent Purchase | 31499.20 | $12.54 |
| 6/2/2003 | 339542560 | Gann | Partial Liquidation | (31499.00) | $13.10 |
| 6/4/2003 | 339542560 | Gann | Subsequent Purchase | 34696.97 | $13.20 |
| 6/19/2003 | 339542560 | Gann | Partial Liquidation | (34697.00) | $13.70 |
| 9/8/2003 | 339542560 | Gann | Full Liquidation | (10.55) | $14.22 |
| 6/26/2003 | 339543893 | Fasciano | Initial Purchase | 35138.37 | $13.37 |
| 7/10/2003 | 339543893 | Fasciano | Partial Liquidation | (35128.00) | $13.46 |
| 9/8/2003 | 339543893 | Fasciano | Full Liquidation | (10.37) | $14.22 |

| Trade Date | Account | Representative Name | Transaction Type | Shares | Price |
|---|---|---|---|---|---|
| 5/27/2003 | 339548299 | Gann/Fasciano | Initial Purchase | 11462.45 | $12.65 |
| 6/2/2003 | 339548299 | Gann/Fasciano | Partial Liquidation | (11452.00) | $13.10 |
| 6/4/2003 | 339548299 | Gann/Fasciano | Subsequent Purchase | 12878.79 | $13.20 |
| 6/19/2003 | 339548299 | Gann/Fasciano | Partial Liquidation | (12879.00) | $13.70 |
| 6/26/2003 | 339548299 | Gann/Fasciano | Subsequent Purchase | 34988.78 | $13.37 |
| 7/10/2003 | 339548299 | Gann/Fasciano | Partial Liquidation | (34989.00) | $13.46 |
| 9/8/2003 | 339548299 | Gann/Fasciano | Full Liquidation | (10.02) | $14.22 |

25.    Defendants received additional block notices from Goldman Sachs Funds on June 13, 2003 (Account No. 339448238) and July 9, 2003 (Account No. 277316943).

26.    On June 6, 2003, Southwest received a block notice from AIM Funds, barring future trades in Hedge Fund Account No. 277316943. Defendants, however, executed several additional trades in AIM Funds, between June 19, 2003 and September 8, 2003, using Hedge Fund account numbers that AIM Funds had not yet restricted, as reflected below:

| Trade Date | Account | Representative Name | Transaction Type | Shares | Price |
|---|---|---|---|---|---|
| 7/1/2003 | 277316891 | Fasciano | Exchange – Buy | 27005.70 | $5.26 |
| 7/10/2003 | 277316891 | Fasciano | Partial Liquidation | (27005.00) | $5.44 |
| 9/8/2003 | 277316891 | Fasciano | Full Liquidation | (10.80) | $5.99 |
| 6/19/2003 | 277316891 | Fasciano | Exchange – Buy | 30408.47 | $9.53 |
| 7/1/2003 | 277316891 | Fasciano | Exchange – Sell | (15398.00) | $9.47 |
| 7/1/2003 | 277316891 | Fasciano | Exchange – Sell | (15000.00) | $9.47 |
| 9/8/2003 | 277316891 | Fasciano | Full Liquidation | (59.72) | $9.16 |
| 9/2/2003 | 277316891 | Fasciano | Initial Purchase | 31689.14 | $14.09 |
| 9/8/2003 | 277316891 | Fasciano | Full Liquidation | (31689.14) | $14.35 |
| 7/1/2003 | 277316891 | Fasciano | Exchange – Buy | 15017.41 | $9.71 |
| 7/10/2003 | 277316891 | Fasciano | Partial Liquidation | (15007.00) | $10.03 |
| 9/8/2003 | 277316891 | Fasciano | Full Liquidation | (10.41) | $11.32 |

27.    On June 20, 2003, Southwest received a block notice from Harbor Funds, barring future trades in Hedge Fund Account No. 801024335. Defendants, however, executed several

*SEC v. Scott B. Gann and George B. Fasciano*
**Complaint**                                                                                          11

subsequent trades in Harbor Funds, using accounts 277316943 and 339458187, as reflected below:

| Trade Date | Account | Representative Name | Transaction Type | Shares | Price |
|---|---|---|---|---|---|
| 6/26/2003 | 277316943 | Gann | Initial Purchase | 12069.67 | $29.28 |
| 7/10/2003 | 277316943 | Gann | Partial Liquidation | (12059.00) | $30.29 |
| 7/25/2003 | 277316943 | Gann | Subsequent Purchase | 15836.31 | $30.79 |
| 7/31/2003 | 277316943 | Gann | Partial Liquidation | (15836.00) | $30.72 |
| 9/5/2003 | 277316943 | Gann | Full Liquidation | (10.98) | $32.89 |
| 6/26/2003 | 277316943 | Gann | Initial Purchase | 32855.01 | $6.69 |
| 7/10/2003 | 277316943 | Gann | Partial Liquidation | (32845.00) | $6.86 |
| 7/25/2003 | 277316943 | Gann | Subsequent Purchase | 54008.56 | $7.01 |
| 7/31/2003 | 277316943 | Gann | Partial Liquidation | (54008.00) | $6.94 |
| 9/5/2003 | 277316943 | Gann | Full Liquidation | (10.57) | $7.40 |
| 7/25/2003 | 339458187 | Gann | Initial Purchase | 49301.00 | $7.01 |
| 7/31/2003 | 339458187 | Gann | Partial Liquidation | (49290.00) | $6.94 |
| 8/5/2003 | 339458187 | Gann | Full Liquidation | (11.00) | $6.90 |

28.     On July 29, 2003, Southwest received a block notice from AIM Funds, barring all future trades in Hedge Fund Account No. 339542560.  Defendants, however, executed several trades in AIM funds, using Hedge Fund accounts that AIM had not yet restricted, as reflected below:

| Trade Date | Account | Representative Name | Transaction Type | Shares | Price |
|---|---|---|---|---|---|
| 8/4/2003 | 339543893 | Fasciano | Subsequent Purchase | 3215.05 | $13.69 |
| 8/22/2003 | 339543893 | Fasciano | Exchange – Sell | (32625.28) | $13.95 |
| 8/4/2003 | 339543893 | Fasciano | Subsequent Purchase | 47524.37 | $10.26 |
| 8/22/2003 | 339543893 | Fasciano | Exchange – Sell | (47534.42) | $10.92 |
| 8/26/2003 | 339543893 | Fasciano | Exchange – Buy | 46175.93 | $10.80 |
| 9/5/2003 | 339543893 | Fasciano | Partial Liquidation | (46175.93) | $11.27 |

| Trade Date | Account | Representative Name | Transaction Type | Shares | Price |
|---|---|---|---|---|---|
| 8/18/2003 | 339548299 | Fasciano | Initial Purchase | 28582.73 | $13.90 |
| 8/22/2003 | 339548299 | Fasciano | Exchange – Sell | (28582.73) | $13.85 |
| 8/26/2003 | 339548299 | Fasciano | Exchange – Buy | 21754.90 | $13.79 |
| 9/8/2003 | 339548299 | Fasciano | Full Liquidation | (21754.90) | $14.32 |
| 8/18/2003 | 339548299 | Fasciano | Initial Purchase | 22088.22 | $17.91 |
| 8/22/2003 | 339548299 | Fasciano | Exchange – Sell | (22088.22) | $17.70 |
| 8/26/2003 | 339548299 | Fasciano | Exchange – Buy | 17182.13 | $17.46 |
| 9/8/2003 | 339548299 | Fasciano | Full Liquidation | (17182.13) | $18.25 |
| 8/4/2003 | 339548299 | Fasciano | Initial Purchase | 8115.41 | $13.69 |
| 8/22/2003 | 339548299 | Fasciano | Exchange – Sell | (8115.41) | $13.95 |
| 8/26/2003 | 339548299 | Fasciano | Exchange – Buy | 21739.13 | $13.80 |
| 9/8/2003 | 339548299 | Fasciano | Full Liquidation | (21739.13) | $14.35 |

### *Defendants' Fraudulent Use of Registered Representative Numbers*

29.     During the relevant period, Defendants used multiple registered representative numbers to hide their identities from the mutual fund companies and, thereby, gain access to mutual funds that had previously blocked trading in one of their registered representative numbers.    In setting up the Hedge Fund accounts, Defendants used three registered representative numbers (one for Gann, one for Fasciano and a joint registered representative number) and they used all three to make trades for Hedge Fund.

30.     For example, on April 8, 2003, CDC Nvest Funds blocked Gann's registered representative number (C276) from executing future trades because of market timing activity. Defendants, however, executed several subsequent trades in CDC Nvest funds for Hedge Fund using Fasciano's registered representative number (D014), as reflected below:

| Trade Date | Account | Representative Name | Transaction Type | Shares | Price |
|---|---|---|---|---|---|
| 6/19/2003 | 247175695 | Fasciano | Exchange - BUY | 24489.09 | $11.80 |
| 6/27/2003 | 247175695 | Fasciano | Full Liquidation | (24489.09) | $11.70 |
| 6/4/2003 | 247175695 | Fasciano | Initial Purchase | 25811.81 | $10.84 |
| 6/19/2003 | 247175695 | Fasciano | Exchange – SELL | (25801.00) | $11.20 |
| 9/8/2003 | 247175695 | Fasciano | Full Liquidation | (10.81) | $11.78 |
| 6/19/2003 | 523975234 | Fasciano | Exchange - BUY | 23438.37 | $11.80 |
| 6/26/2003 | 523975234 | Fasciano | Full Liquidation | (23438.37) | $11.71 |
| 6/4/2003 | 523975234 | Fasciano | Initial Purchase | 24704.80 | $10.84 |
| 6/19/2003 | 523975234 | Fasciano | Exchange – SELL | (24694.00) | $11.20 |
| 7/10/2003 | 523975234 | Fasciano | Full Liquidation | (10.80) | $11.04 |
| 6/11/2003 | 524072473 | Fasciano | Initial Purchase | 22245.27 | $11.09 |
| 6/19/2003 | 524072473 | Fasciano | Partial Liquidation | (22235.00) | $11.20 |
| 8/29/2003 | 524072473 | Fasciano | Full Liquidation | (10.27) | $11.37 |

31.     On April 15, 2003, the Hartford Funds blocked Gann's registered representative number (C276) from executing future trades because of market timing activity. Defendants, however, executed several additional trades in the Hartford Funds from June 1 to August 26, 2003 with Fasciano's registered representative number (D014) and the shared registered representative number (C881), as reflected below:

| Trade Date | Rep Name | Rep Number | Account | Transaction Type | Shares | Price |
|---|---|---|---|---|---|---|
| 6/11/2003 | Fasciano | D014 | 247175695 | Initial Purchase | 31053.86 | $12.81 |
| 6/19/2003 | Fasciano | D014 | 247175695 | Exchange - SELL | (31043.00) | $12.88 |
| 6/26/2003 | Fasciano | D014 | 247175695 | Exchange - BUY | 31195.28 | $12.69 |
| 7/10/2003 | Fasciano | D014 | 247175695 | Exchange - SELL | (31196.00) | $12.95 |
| 9/8/2003 | Fasciano | D014 | 247175695 | Full Liquidation | (10.14) | $13.67 |
| 6/19/2003 | Fasciano | D014 | 247175695 | Exchange - BUY | 34919.99 | $11.45 |
| 6/26/2003 | Fasciano | D014 | 247175695 | Exchange - SELL | (34909.00) | $11.34 |
| 7/10/2003 | Fasciano | D014 | 247175695 | Exchange - BUY | 35719.56 | $11.31 |
| 7/14/2003 | Fasciano | D014 | 247175695 | Partial Liquidation | (35720.00) | $11.30 |
| 9/8/2003 | Fasciano | D014 | 247175695 | Full Liquidation | (10.54) | $11.07 |
| 6/26/2003 | Fasciano | D014 | 339448238 | Initial Purchase | 31804.57 | $12.69 |
| 7/10/2003 | Fasciano | D014 | 339448238 | Partial Liquidation | (31794.00) | $12.95 |
| 6/26/2003 | Fasciano | D014 | 339448238 | Initial Purchase | 52878.97 | $8.51 |
| 7/10/2003 | Fasciano | D014 | 339448238 | Partial Liquidation | (52868.00) | $8.66 |
| 9/8/2003 | Fasciano | D014 | 339448238 | Full Liquidation | (10.97) | $9.38 |
| 7/25/2003 | Fasciano | D014 | 339543893 | Initial Purchase | 36318.60 | $13.12 |
| 7/31/2003 | Fasciano | D014 | 339543893 | Partial Liquidation | (36308.00) | $12.94 |
| 9/8/2003 | Fasciano | D014 | 339543893 | Full Liquidation | (10.60) | $13.67 |
| 7/25/2003 | Gann/Fasciano | C881 | 339548299 | Initial Purchase | 37164.63 | $13.12 |
| 7/31/2003 | Gann/Fasciano | C881 | 339548299 | Partial Liquidation | (37154.00) | $12.94 |
| 8/26/2003 | Gann/Fasciano | C881 | 339548299 | Subsequent Purchase | 35110.94 | $13.07 |
| 9/5/2003 | Gann/Fasciano | C881 | 339548299 | Partial Liquidation | (35121.58) | $13.52 |
| 7/25/2003 | Gann/Fasciano | C881 | 339548299 | Initial Purchase | 50168.54 | $8.90 |
| 7/31/2003 | Gann/Fasciano | C881 | 339548299 | Partial Liquidation | (50158.00) | $8.73 |
| 9/8/2003 | Gann/Fasciano | C881 | 339548299 | Full Liquidation | (10.54) | $9.38 |
| 6/11/2003 | Fasciano | D014 | 523975234 | Initial Purchase | 30281.03 | $12.81 |
| 6/19/2003 | Fasciano | D014 | 523975234 | Exchange - SELL | (30271.00) | $12.88 |
| 6/26/2003 | Fasciano | D014 | 523975234 | Exchange - BUY | 30419.62 | $12.69 |
| 7/10/2003 | Fasciano | D014 | 523975234 | Exchange - SELL | (30419.00) | $12.95 |
| 9/8/2003 | Fasciano | D014 | 523975234 | Full Liquidation | (10.65) | $13.67 |
| 6/19/2003 | Fasciano | D014 | 523975234 | Exchange - BUY | 34051.57 | $11.45 |
| 6/26/2003 | Fasciano | D014 | 523975234 | Exchange - SELL | (34041.00) | $11.34 |
| 7/10/2003 | Fasciano | D014 | 523975234 | Exchange - BUY | 34829.89 | $11.31 |
| 7/14/2003 | Fasciano | D014 | 523975234 | Partial Liquidation | (34830.00) | $11.30 |
| 9/8/2003 | Fasciano | D014 | 523975234 | Full Liquidation | (10.46) | $11.07 |
| 6/11/2003 | Fasciano | D014 | 524072473 | Initial Purchase | 22474.63 | $12.81 |
| 6/19/2003 | Fasciano | D014 | 524072473 | Partial Liquidation | (22464.00) | $12.88 |
| 9/8/2003 | Fasciano | D014 | 524072473 | Full Liquidation | (10.63) | $13.67 |
| 6/11/2003 | Fasciano | D014 | 524072473 | Initial Purchase | 20666.67 | $8.70 |
| 6/19/2003 | Fasciano | D014 | 524072473 | Partial Liquidation | (20656.00) | $8.78 |
| 9/8/2003 | Fasciano | D014 | 524072473 | Full Liquidation | (10.67) | $9.38 |
| 4/23/2003 | Fasciano | D014 | 801015393 | Initial Purchase | 33075.54 | $11.12 |
| 4/29/2003 | Fasciano | D014 | 801015393 | Full Liquidation | (33075.54) | $11.14 |

32. On April 16, 2003, the ING Funds blocked Gann's registered representative number (C276) from executing future trades because of market timing activity. Defendants, however, executed several subsequent ING Funds trades for Hedge Fund, using Fasciano's registered representative number (D014), as reflected below:

| Trade Date | Rep Name | Account | Transaction Type | Shares | Price |
|---|---|---|---|---|---|
| 4/28/2003 | Fasciano | 339448238 | Subsequent Purchase | 39855.07 | $12.42 |
| 5/19/2003 | Fasciano | 339448238 | Partial Liquidation | (39855.00) | $12.83 |
| 8/29/2003 | Fasciano | 339448238 | Full Liquidation | (10.31) | $16.02 |
| 4/28/2003 | Fasciano | 339448238 | Subsequent Purchase | 64529.22 | $12.32 |
| 5/19/2003 | Fasciano | 339448238 | Partial Liquidation | (64529.00) | $12.50 |
| 8/29/2003 | Fasciano | 339448238 | Full Liquidation | (10.64) | $14.09 |
| 5/19/2003 | Fasciano | 801015393 | Exchange - BUY | 26324.38 | $11.09 |
| 5/22/2003 | Fasciano | 801015393 | Exchange – SELL | (26332.00) | $11.13 |
| 9/8/2003 | Fasciano | 801015393 | Full Liquidation | (0.71) | $10.74 |
| 5/9/2003 | Fasciano | 801015393 | Subsequent Purchase | 14871.66 | $19.48 |
| 5/19/2003 | Fasciano | 801015393 | Exchange – SELL | (14872.00) | $19.63 |
| 5/22/2003 | Fasciano | 801015393 | Exchange - BUY | 14861.82 | $19.72 |
| 7/10/2003 | Fasciano | 801015393 | Full Liquidation | (14871.99) | $21.12 |

33. Defendants did not earn commissions on Hedge Fund's trades because the Hedge Fund account was a "fee-based" account, from which Defendants received a percentage of the assets under management. There was no legitimate purpose for Defendants' use of multiple registered representative numbers in effecting Hedge Fund's trades.

**Defendants' Scheme to Disguise Hedge Fund's Identity by Dividing Trades Into Smaller Dollar Amounts**

34. During the relevant period, Defendants used the multiple Hedge Fund accounts, held by multiple Hedge Fund-affiliated entities, to divide trades into dollar amounts designed to evade the detection of the mutual funds. By dividing Hedge Fund's trades among multiple accounts and Hedge Fund-affiliated entities, Defendants reduced the average size of Hedge



Fund's trades in an effort to avoid detection by the fund companies.   There was no legitimate purpose for Defendants to structure the trades in this manner.

35.   On March 20, 2003, Fasciano sent an e-mail to Hedge Fund and Gann memorializing this aspect of their fraudulent scheme.   In pertinent part, Fasciano's email states "[u]nder $500,000 will go under the radar.   $500,000 will get checked and reviewed [by the mutual fund]."

36.   For example, on June 26, 2003, Defendants executed purchases worth over $2.55 million in the Wells Fargo International Equity Fund, using several Hedge Fund accounts held by three Hedge Fund affiliates.   Defendants placed several orders, ranging from approximately $387,000 to $491,000, as reflected below:

| Trade Date | Account | Rep Name | Transaction Type | Shares | Price |
|------------|---------|----------|------------------|--------|-------|
| 6/26/2003 | 339543893 | Fasciano | Initial Purchase | 52513.37 | $9.35 |
| 6/26/2003 | 339543893 | Fasciano | Initial Purchase | 53081.08 | $9.25 |
| 6/26/2003 | 247175695 | Fasciano | Exchange - BUY | 42995.68 | $9.25 |
| 6/26/2003 | 247175695 | Fasciano | Exchange - BUY | 42535.83 | $9.35 |
| 6/26/2003 | 523975234 | Fasciano | Exchange - BUY | 41477.67 | $9.35 |
| 6/26/2003 | 523975234 | Fasciano | Exchange - BUY | 41926.08 | $9.25 |

37.   On July 25, 2003, Defendants executed purchases with an aggregate value of over $2.54 million in the Blackrock US Opportunities Fund, using several Hedge Fund accounts held by six Hedge Fund-affiliated entities.   Defendants placed several orders in amounts ranging from approximately $250,000 to $446,000, as reflected below:

| Trade Date | Account | Rep Name | Transaction Type | Shares | Price |
|---|---|---|---|---|---|
| 7/25/2003 | 216422072 | Gann | Initial Purchase | 17274.47 | $15.63 |
| 7/25/2003 | 801015393 | Fasciano | Initial Purchase | 18873.96 | $15.63 |
| 7/25/2003 | 247181629 | Gann | Initial Purchase | 17594.37 | $15.63 |
| 7/25/2003 | 247175695 | Fasciano | Initial Purchase | 15994.88 | $15.63 |
| 7/25/2003 | 523975234 | Fasciano | Initial Purchase | 15994.88 | $15.63 |
| 7/25/2003 | 339458187 | Gann | Initial Purchase | 20850.93 | $15.63 |
| 7/25/2003 | 277316891 | Fasciano | Initial Purchase | 28566.86 | $15.63 |
| 7/25/2003 | 277316943 | Gann | Initial Purchase | 27722.33 | $15.63 |

38.     On July 25, 2003, Defendants executed purchases worth over $1.4 million in the AIM European Growth Fund, using five Hedge Fund accounts held by three Hedge Fund-related entities. Defendants divided the trades into amounts ranging from approximately $211,000 to $387,000, as reflected below:

| Trade Date | Account | Rep Name | Transaction Type | Shares | Price |
|---|---|---|---|---|---|
| 7/25/2003 | 523967365 | Gann | Subsequent Purchase | 15303.28 | $17.97 |
| 7/25/2003 | 523975234 | Fasciano | Subsequent Purchase | 16416.25 | $17.97 |
| 7/25/2003 | 339542560 | Gann | Exchange - BUY | 11761.13 | $17.97 |
| 7/25/2003 | 339542560 | Gann | Subsequent Purchase | 15019.48 | $17.97 |
| 7/25/2003 | 524072473 | Fasciano | Initial Purchase | 21569.28 | $17.97 |

*Defendants' Fraudulent Use of a New Office Identification Number*

39.     By February 26, 2003, Southwest had received at least six block notices from mutual funds relating to the Hedge Fund accounts.

40.     On that day, Fasciano requested the creation of a new office identification number to disassociate Defendants' market timing business from another market timing broker at Southwest. Fasciano requested a new office identification number to prevent Hedge Fund's trading from "bumping into the reputation of the office."

*SEC v. Scott B. Gann and George B. Fasciano*
**Complaint**                                                                          18

41. Fasciano complained that various mutual funds had restricted Hedge Fund's trades due to this brokers' market timing reputation. Specifically, he said that "[t]hree funds found us and canceled our trades solely by [their] search of the office codes . . . [t]he office rep and [the other market timing broker's identification] number."

42. Upon receipt of the new branch office identification number from their supervisors, Defendants used the new branch office identification number as part of their scheme to circumvent trading restrictions that the mutual funds imposed on Southwest due to the other broker's timing activities.

### *Defendants' Misrepresentations*

43. In placing market timing orders for Hedge Fund as alleged above, Defendants concealed their identities and the identity of Hedge Fund.

44. After receiving block notices from the fund companies, Defendants misrepresented their identities and the identity of Hedge Fund in subsequent transactions placed with the mutual funds that sent block notices.

45. Defendants' misrepresentations were material. The fund companies would not have processed the orders submitted by Defendants on behalf of Hedge Fund had Defendants disclosed their identity and the identity of the Hedge Fund.

### FIRST CLAIM
### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder)

46. Plaintiff repeats and realleges paragraphs 1 through 45 above.

47. Defendants, directly or indirectly, acting intentionally, knowingly or recklessly, by the use of the means or instrumentalities of interstate commerce or of the mails, in connection with the purchase or sale of securities: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state a material fact necessary to make the

*SEC v. Scott B. Gann and George B. Fasciano*
**Complaint**                                                                                     19

statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices or courses of business which operated as a fraud or deceit upon certain persons.

48. As a result, Defendants, knowingly or recklessly violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

49. Further, Defendants knowingly or recklessly provided substantial assistance to, and thus aided and abetted, the uncharged violations of Section 10(b) of the Exchange Act and Rule 10b-5 committed by their clients in connection with the fraudulent market timing transactions alleged above.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

I.

Enter a permanent injunction restraining Defendants and their respective agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, including facsimile transmission or overnight delivery service, from directly or indirectly engaging in violations of, or aiding and abetting violations of Sections 10(b) of the Exchange Act [15 U.S.C. § 78j(b) and § 78o(c)(1)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

II.

Order Defendants to disgorge their ill-gotten gains, plus pre-judgment interest.

III.

Order each Defendant to pay an appropriate civil monetary penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].

IV.

Award such other and further relief as the Court deems just and proper.

January 10, 2005

Respectfully submitted,

J. KEVIN EDMUNDSON
Texas Bar No. 24044020
MICHAEL D. KING
Texas Bar No. 24032634

SECURITIES AND EXCHANGE COMMISSION
Fort Worth Office
801 Cherry Street, 19th Floor
Fort Worth, Texas 76102
(817) 978-1411 (jke)
(817) 978-4927 (fax)

OF COUNSEL:

Spencer C. Barasch
Stephen J. Korotash
Alan M. Buie
Adan D. Araujo

SECURITIES AND EXCHANGE COMMISSION
Fort Worth Office

*SEC v. Scott B. Gann and George B. Fasciano*
**Complaint**                                                                21